## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 20 2015, 9:37 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry Marshall,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 20, 2015

Court of Appeals Case No.
48A02-1406-CR-459

Appeal from the Madison Circuit Court
The Honorable David A. Happe, Judge
Case No. 48C04-1106-FC-1173

**Crone, Judge.**

## Case Summary

[1]     Larry Marshall pled guilty to class C felony dealing in marijuana and was sentenced to eight years in the Department of Correction, with two years at a

work-release center, two years of home detention, and four years suspended to probation. Marshall signed a work-release program contract that prohibited possession of drugs in his vehicle, waived "any right against search and seizure," and authorized the center's staff to search his vehicle. Defendant's Ex. A. Marshall's vehicle was searched without a warrant, resulting in the seizure of drugs and over $5000 in cash.

[2] The State filed a petition to terminate Marshall's work-release placement and a notice of violation of the conditions of his sentence. Marshall filed a motion to suppress the evidence seized during the search, arguing that the search was unconstitutional. The trial court denied Marshall's motion and admitted the evidence at an evidentiary hearing. The trial court found that Marshall violated the conditions of his sentence and revoked his work-release placement and suspended sentence.

[3] On appeal, Marshall argues that the trial court erred in admitting the evidence seized from his vehicle because the search was not supported by reasonable suspicion and therefore violated the Fourth Amendment to the U.S. Constitution. We disagree and therefore affirm the trial court.

## Facts and Procedural History[1]

The relevant facts are undisputed. In September 2013, Marshall pled guilty to class C felony dealing in marijuana. The trial court sentenced Marshall to eight years in the Department of Correction, with two years at the Madison County Work Release Center, two years of home detention, and four years suspended to probation. In October 2013, Marshall signed and initialed a three-page work-release program contract containing many obligations and restrictions, including these:

> I agree to allow the Work Release Program to make reasonable inquiry into my activities. I agree to waive any right against search and seizure, and permit Work Release Staff or any law enforcement officer acting on behalf of the Work Release Program to search my person, motor vehicle or any location where my personal property may be found, to [e]nsure compliance with the Work Release rules and regu[l]ations.
>
> I will not consume, or possess on my person, or in my vehicle, any alcohol or drugs. I will submit to drug and alcohol tests immediately upon request. Failure to submit to a test or tests will be considered an admission of guilt.…
>
> ….
>
> I understand I can never be out of the Work Release facility for 16 hours or more in one 24 hour period. I understand that a failure to return to the Work Release Center is [a] violation of this rule and I may be subject to prosecution for the crime of Escape I.C. 35-44-3-5.

---

[1] We remind Marshall's counsel that an appellant's statement of facts "shall be in narrative form and shall not be a witness by witness summary of the testimony." Ind. Appellate Rule 46(A)(6)(c).

....

I agree to travel in a direct route to and from my place of employment or any other permitted destination without making any stops or "side trips", and have no unauthorized passengers in my vehicle....

....

As a condition of Work Release and any suspended sentence, I agree to observe the above regulations. I further acknowledge that I have initialed each and every term of this program contract.

....

This contract has been read/explained to me and I have been given time to ask questions. My signature below acknowledges that I have fully read and understand all terms and conditions of this contract.

*Id.*

[5] At the beginning of December 2013, drugs were found offsite in the car of one of the work-release center's inmates. This led the center's staff to believe that "there was a potential that other participants in work release could be doing the same" and prompted the staff to start searching other inmates' vehicles. Tr. at 26. Around 7:45 p.m. on December 13, 2013, Marshall entered the work-release center, presumably after returning from his place of employment, and was told by staff at the main control desk that his vehicle would be searched later that evening. He relinquished his keys and "went into the dormitory." Tr. at 35. Marshall later returned to the control desk, claimed that he had "sustained an injury," and asked to be allowed to drive his vehicle to the

hospital. *Id*. at 31. His request was denied, and his vehicle was searched by the center's staff without a warrant. The search revealed prescription pill bottles bearing other persons' names, Xanax and hydrocodone pills, digital scales, and over $5000 in cash. Police later interviewed Marshall, who signed a *Miranda* waiver form and admitted purchasing pills but denied selling them.

[6] Based on the foregoing, the State filed a petition to terminate Marshall's work-release placement and a notice of violation of the conditions of his sentence. Marshall filed a motion to suppress, arguing that the evidence found in his vehicle and his statement were obtained as the result of an unconstitutional search. The trial court denied Marshall's motion to suppress and admitted the evidence at an evidentiary hearing. The trial court found that Marshall violated the conditions of his sentence, revoked his work-release placement and suspended sentence, and ordered him to serve his sentence in the Department of Correction. This appeal followed.

## Discussion and Decision

[7] Marshall contends that the trial court erred in finding that he violated the conditions of his sentence. More specifically, Marshall asserts that the court erred in admitting the evidence found during the search of his vehicle, which he

claims violated the Fourth Amendment to the U.S. Constitution.[2] "[U]nder the exclusionary rule, evidence obtained pursuant to an illegal search is inadmissible at trial." *Blankenship v. State*, 5 N.E.3d 779, 782 (Ind. Ct. App. 2014). "A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law." *J.K. v. State*, 8 N.E.3d 222, 228 (Ind. Ct. App. 2014) (citation omitted). "The constitutionality of a search is a question of law, which we review de novo." *Id.*[3]

[8] The Fourth Amendment provides,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

---

[2] Marshall also claims that the search violated Article 1, Section 11 of the Indiana Constitution, but he offers no separate analysis on this point. Therefore, this argument is waived. *See Russell v. State*, 993 N.E.2d 1176, 1181 (Ind. Ct. App. 2013) ("Failure to provide separate analysis of Indiana and United States constitutional claims under Article 1, Section 11 and the Fourth Amendment, respectively, results in waiver."). Marshall cites and quotes *Litchfield v. State*, 824 N.E.2d 356 (Ind. 2005), but he neither articulates nor applies its three-part balancing test for reasonableness. As an impartial tribunal, it is not our job to make Marshall's argument for him.

[3] Marshall asserts, and the State does not dispute, that his statement to police about buying the drugs found in his vehicle was derived from the search of the vehicle and thus would be subject to exclusion under the "fruit of the poisonous tree" doctrine if the search was unconstitutional. *See, e.g.*, *Wong Sun v. United States*, 371 U.S. 471, 485 (1963) ("[V]erbal evidence which derives so immediately from an unlawful entry … is no less the 'fruit' of official illegality than the more common tangible fruits of the unwarranted intrusion."). Because the search was constitutional, Marshall's statement was admissible.

"The Fourteenth Amendment makes this protection applicable to actions by state officials." *Hensley v. State*, 962 N.E.2d 1284, 1288 (Ind. Ct. App. 2012). The "'touchstone of the Fourth Amendment is reasonableness[,]'" which is "measured in objective terms by examining the totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 39 (1996) (quoting *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)).

[9] In *United States v. Knights*, 534 U.S. 112 (2001), the U.S. Supreme Court held that a warrantless search of a probationer's apartment was reasonable under the Fourth Amendment because it was "supported by reasonable suspicion and authorized by a condition of probation" that obligated the probationer to "[s]ubmit his … person, property, place of residence, vehicle, personal effects, to search at anytime, with or without a search warrant, warrant of arrest or reasonable cause by any probation officer or law enforcement officer." *Id*. at 122, 114 (alterations in *Knights*). Marshall essentially concedes that, as an inmate of a work-release center subject to a search condition, he is situated similarly to the probationer in *Knights*. Therefore, he argues, any warrantless search of his property must be supported by reasonable suspicion.[4] He further argues that no reasonable suspicion existed in this case, and therefore the trial

---

[4] *See* Appellant's Br. at 17 ("As a participant of Work Release Marshall was in a Community Corrections program, thus situated the same as a probationer would be. As such, a warrantless search must be justified on the basis of reasonable suspicion."). Marshall argues that the search condition is unconstitutionally overbroad because it authorizes suspicionless searches. Because we conclude that the search of Marshall's vehicle was supported by reasonable suspicion, we need not address this argument. We note that the reasoning of the cases cited by Marshall for this proposition was called into doubt by *Kopkey v. State*, 743 N.E.2d 331, 335-36 (Ind. Ct. App. 2001), *trans. denied*.

court erred in admitting the evidence found during the search of his vehicle. We need not address Marshall's first argument because we disagree with the second.[5]

[10] We have explained that

> [t]he reasonable suspicion standard is less demanding than probable cause and requires a showing considerably less than a preponderance of the evidence, but it still requires at least a minimal level of objective justification and more than an inchoate and unparticularized suspicion or hunch of criminal activity. When reviewing a determination of reasonable suspicion to support a warrantless search, the court examines the totality of the circumstances to see whether the officer had a particularized and objective basis for suspecting legal wrongdoing. The reasonable suspicion requirement is satisfied when the facts known to the officer, together with the reasonable inferences arising from such facts, would cause an ordinarily prudent person to believe that criminal activity has occurred or is about to occur.

*Teague v. State*, 891 N.E.2d 1121, 1128 (Ind. Ct. App. 2008) (citations omitted).

[11] Correctional Officer Mason Brizendine testified that Marshall's request to drive his vehicle to the hospital after being informed that it would be searched later that evening "gave [Brizendine] reasonable suspicion that there might be

---

[5] In *Samson v. California*, 547 U.S. 843 (2006), the U.S. Supreme Court held that a suspicionless warrantless search of a parolee subject to a statutory search condition did not violate the Fourth Amendment. *Samson* does not bode well for Marshall's argument that a warrantless search of the property of a work-release inmate subject to a contractual search condition must be supported by reasonable suspicion. To the extent that Marshall relies on *State v. Vanderkolk*, 10 N.E.3d 585 (Ind. Ct. App. 2014), *trans. granted*, which he inaccurately attributes to the Indiana Supreme Court, Appellant's Reply Br. at 3, we note that our supreme court granted transfer in that case before Marshall filed his reply brief, thereby vacating this Court's decision, and heard oral argument on January 21, 2015.

something in [the] vehicle that didn't belong." Tr. at 31. We agree.[6] Therefore, we conclude that the warrantless search of Marshall's vehicle did not violate the Fourth Amendment and thus the trial court did not abuse its discretion in admitting the evidence found during the search. Consequently, we affirm.

[12]     Affirmed.

Friedlander, J., and Kirsch, J., concur.

---

[6] Marshall cites no authority for his argument that reasonable suspicion cannot be based on conduct that occurs after an officer announces his intent to perform an allegedly unconstitutional search at some point in the future. Therefore, this argument is waived. *See Matthews v. State*, 866 N.E.2d 821, 826 (Ind. Ct. App. 2007) (finding argument waived based on appellant's failure to cite relevant authority) (citing Ind. Appellate Rule 46(A)(8)(a)), *trans. denied*.